1. THIS is á suit in chancery brought against three defendants in the court below, and there is nó final decree, except against the defendant Wilkins, ami the writ of error is against all three of these dé fendaats. According to the settled practice of this court, a writ of error including the names of tóo ma-Ay, may be amended, by striking out the names ofde. fendants which are inserted improperly, leaving the writ valid as to those who«e names are properly there, although names cannot be inserted, which were at first improperly omitted. Testing this writ by this rulé, it is valid as to Wilkins only ,
2, It is assigned for error that the court improper ly tried the cause as to Wilkins, without !he other de fendants below. Whatever force might have been due to this assignment, under other circumstances, in this cause,it cannot avail the plaintiff in error; fór the cause was heard as to all the parties, and when the court was about to render an opinion, the complainant in that court, now plaintiff in this, moved that court to permit him to amend his bill as to the other dcfen dants, and continue the cause as to them, and to ren deradecree as to Wilkins, this motion was grant ed, anda final decree in favor of the present plaintiff against Wilkins, was given, bnt not to the. extent required by the now plaintiff. This course certainly prevented him from getting any decree against \V slid ns. for any equity he might have against him, in which the other parties were, or might be interes ed, and virtually yielded all claims of that character; and this court is, in like manner, precluded from granting relief on this ground.
ThejuriadlctioaofOie peal's, is sppilate onlys
As the decree already rendered against Wilkins wag assented to by him, and is in favor of the plaintiff in error, and includes all. matters,' for which the now plaintiff could be entitled to a separate decree, accord, ing to the proof in the cause, there is no reason exists for reversing it.
3. Since the rendition of this decree, the complain. ant in the court below, has moved to set it aside, and has also filed a bill of review, the fate of which, does no^ appear, in that court, where tiie cause is still depending.. These subsequent proceedings are all brought up, and filed with this record. But as this court possesses appellate jurisdiction only, over decrees and judgments which are final, with these proceedings we have nothing to do.
We have not thought it necessary to spread the his. tony of the facts on record, whereon the complainant founds his grounds of relief against Wilkins, Doyle and Bryan, because they are stated in such an incoherent and confused manner, and embrace such a quantity of multifarious, impertinent matter, that to recite it, would be both difficult and useless. This lias arisen from the attempt of the plaintiff in error to con. duct his cause, both in this court and the court below, without the aid of professional talents. If he has been, as he contends, disordered in mind, it incapacitated him to conduct his cause, and hence has arisen this, confused mass of matter. If he was compos mentis, the record proves, that he was incapable, from the want' of legal skill, to conduct a cause of such moment, and that he has crowded into it, a large portion of matter, irrelevant and impertinent, which ought to have been swept from it by the cleansing hand of the inferior court.
The decree against the defendant Wilkins, must be affirmed with costs.