Spencer, Senator.
The writ of error in this cause is made returnable on the 26th day of December last; and for that reason a motion is made to quash it. It is urged that the special session of this court being held on that day, by virtue of a law which declares the purpose of the sitting, that declaration operates to restrict the powers of this court to the purpose so declared. This broad proposition cannot be true; for then this court would have had no power to protect its deliberation from interruption. I understand the object of the December sitting, as expressed in the law, was merely to give notice of the business which the court would transact. But without discussing the construction of the special act, I am of opinion that the return of this writ is defective. The words of the statute are, “which writ of error, if issued during the sitting of the legislature, shall be made returnable at the place where the senate shall then sit, without delay, but if issued during the recess of the legislature shall be made returnable at the next meeting of the senate, wheresoever the same shall be.” (Yid. 1 R. L. 133, 4.) I think the true and safe construction of this clause is, that it prescribes the form of the writ as well as its substance; that *323 when the writ is issued while the legislature is in session, it is to be made returnable at the capítol in Albany, without *delay. If issued during the recess, it should say, “ at the next meeting of the senate, wheresoever the same shall be.” Thus the time and place of the return are made dependent on the fact of a' meeting of the senate, and thus all questions respecting the abatement of a suit or process by the court not being held on the appointed day are avoided. This is borrowed from the forms of process in chancery, and in the king’s bench, and in the house of lords in England, Ordinarily this court adjourns to meet on some day when the senate is to convene; and if a special act of the legislature authorizes to meet at any other time, such act in itself prevents an abatement of any suit pending, although the senate may not meet. 1 think, then, the form of this return defective; but it is a most venial error, which ought not to prejudice any party; and if it can be amended, no doubt can exist that it should be corrected. This writ is our own process, and it would be extraordinary if we could not correct errors committed by out own officers. The statute of jesfails, in its terms, includes this court; but, without it, it seems to me to be a power incidental to every court, to correct its own proceedings, at any time before final judgment. And this is the rule of the inferior courts of common law, in all cases except that of a capias issued at the commencement of a suit. In all other kinds of process such as a venire, a writ of inquiry, a fieri facias, or a capias ad satisfaciendum, a scire facias a certiorari, they have uniformly exercised the power of making amendments in the test and return, and in almost every other respect; and the reason for the exception of the capias ad respondendum is, that if it is returnable out of term, the defendant may be unreasonably retained in custody. The reason applies only to that process; and the rule should extend no further than than the reason of it. I have no doubt that the defect is amendable by this court; and am of opinion that it should be amended without costs.
Another defect was pointed out in the writ, which does not seem to be so much relied on as the former. It was. *324 that the writ does not name all the parties' in the record. This is a suit in partition, in which the present plaintiff in error is named, as defendant with “ others unknown.”. This *is not a suit at common law, but is a peculiar proceeding given by the statute, and is regulated wholly’by it. It is more like a suit in equity than an action- of law ; for the defendants may not only deny the right of the plaintiff or petitioner, but may, and often are obliged to contest the rights or claims of their co-defendants. There may be several claimants to a moiety or share of a tract of land, each contending against the other ; so that a judgment in partition may be correct as regards the petitioner, but erroneous in respect to the mutual rights of the defendants. In such a case, each person appearing and claiming a distinct right, may well be considered a distinct party, and under the authority given by the l'2th section of the,partition act, (1 R. L. 512,) to “ any of the parties to such judgment to bring a writ or writs of error thereon,” each person would seem to be entitled to his writ of error without using the name of another defendant, who may be perfectly satisfied with the judgment. Without having had much time for reflection or examination, I should be inclined to thinlc'that any one defendant might bring a writ of error on a judgment in partition, because the judgment is several, and the question' which one may present, may be entirely different from that which another would urge. Thus, in this case, a judgment has passed by default against the owners unknown; and the only question which can be agitated in this court, relates to the rights of this plaintiff in error,. Would it not be sacrificing substance to form, to require those owners to be made parties here, when we cannot determine any question affecting them ? The practice of summons and severance does not apply; for to whom shall the summons be directed, and how shall it be executed ? It was suggested that this court might direct advertisements to be published, to bring in the owners unknown. But it is to be remembered that is a proceeding unknown to the common law, and created by the statute; and not a single step can be taken which it does not authorize ; and as no mode of proceeding *325 in such a case is prescribed, I do not perceive how a severance of parties could be effected.
*The reason given why all the defendants should be parties in a writ of error, is to prevent multiplicity of suit; that is, different suits presenting the same question. But if the judgment in partition be several, the same question will not be presented on different writs of error.
But whether the writ may be brought by one defendant alone or not, it is certain that it must describe the record correctly, although it concludes to the great injury of one only. In this case the writ does not describe the record as it is ; but omits all mention of the “owners unknown.” This is a defect; but which is amendable by the express words of the statute of jeofails. I think the plaintiff in error should be permitted to amend his writ in this respect also. The general practice of the courts being not to encourage such objections, costs are not usually given on allowing such amendments ; and I do not think they ought to be given in this case ; and if the plaintiff chooses to amend his writ in the names of the parties, I think he ought to be permitted to do so on the same terms.
I do not perceive how this court can declare the effect of these amendments upon any proceedings in the court below. That must be entirely left to the supreme court, which has ample power to do right between these parties, and prevent either being prejudiced, upon a full investigation of all the facts, We undertake merely to regulate our own process.
Rule was to amend as in 8 Cowen, 746.