By the Court,

Bronson, J.
The plaintiffs in error rely on Easton [435] v. Calendar (11 Wendell, 90). In that case the certiorari was prosecuted against Everson, who was not a party before the justice, and costs were adjudged against him on the reversal in the common pleas. He was *246 prejudiced by the judgment of the common pleas, and for that error the judgment was reversed by this court. But in this case the certiorari was not prosecuted against, but by House, and judgment in the common pleas has been rendered in his favor. He does not complain, and it is difficult to say that the plaintiffs in error have sustained any actual injury in consequence of the joinder of House in prosecuting the certiorari. So far as I can judge of the grounds on which the common pleas proceeded, their judgment is the same, and the costs of the reversal the same as they would have been had the certiorari been prosecuted by Jackson alone.
But House, although named in the summons, was not a party to the judgment rendered by the justice, and the rule seems to be inflexible, that no one can bring error unless he is a party or privy to the record, or is prejudiced by the judgment (Bac. Abr. Error, b. Com. Dig. Pleader, 3 b. 9). The rule not only requires that all proper parties shall join in bringing error, but that no one shall unite who has not suffered injury by the judgment. The writ should contain an accurate description of the record, giving the names of all who were in any way parties to the judgment, but still it can only be prosecuted by those who have suffered damage (2 Saund. 46, n. 6; id. 101, d. e. note; Lady Cass v. Title, 1 Stra. 675). Bail can not have a writ of error to reverse the judgment against their principal, nor can the principal bring error to reverse the judgment against the bail; and both principal and bail can not unite in prosecuting a writ of error on either judgment (Lancaster v. Keyleigh, Cro. Car. 300; Bushell v. Yarller, id. 408; Smith v. James, id. 575; Forrest v. Sandland, Hob. 72). In these cases there was no want of proper parties, but the objection was that too many had joined; and that' is the difficulty in the case under consideration. In Parker v. Lawrence (Hob. 70), the plaintiff brought trespass against Lawrence, Nevill and [436] Wood, and after entering a nolle prosequi as to the two last, had judgment against Lawrence. The three defendants joined in a writ of error. The decision turned on another point, but Hobart says in a note, see (1 Ves. sen. 305), “ it seems that Nevill & Wood should not have joined in this writ of error, for there was no judgment against them, nor they grieved.” In Vaughan v. Loriman (Cro. Jac. 138), an assize was brought in an inferior court against five; three of the defendants were found “non-tenants,” and acquitted; the other two defendants were found disseizors, and against them judgment was rendered. The five defendants joined in a writ of false judgment, and the judgment of the inferior court was reversed in the common pleas, on a manifest error in the original record. And yet, because the three who had lost nothing in the inferior court, joined in the writ of false judgment, the judgment of reversal in the common pleas was reversed in the king’s bench. See also 2 Saund. 101, d. e. note. I do not find that the courts have ever departed from the principle on which these cases were decided.
The rule concerning writs of error' probably had its origin in the same general principle which governs in relation to the parties in personal actions. The action must be brought in the name of the party whose legal right has been affected; and whether upon contract or for a tortious act, if too many persons join as plaintiffs, the objection will be fatal. If it appear on the record that there are too many plaintiffs, the objection may be taken by demurrer, motion in arrest of judgment or writ of error; and if the objection do not appear on the pleadings, it is ground of nonsuit on the trial (1 Chit. Pl. 54).
The common pleas should neither have reversed nor affirmed the judgment of the justice, but should have quashed the certiorari (Rex v. Inhabitants of All Saints, 2 Stra. 1110). They might, perhaps, have allowed the certiorari to be amended by striking out the name of House (Verelst v. Rafael, Cowp. *247 425; The Sword-blade Co. v. Dempsey, 2 Stra. 892; Lady Cass v. Title, 1 id. 682). But it is unnecessary to pass upon that question.
I feel the less reluctance to reversing the judgment of the common [437] pleas on the matter of law which has been noticed, because J think it wag wrong on the merits. Judgment reversed.