## BRANCH BANK OF MOBILE v. THE ADM'RS. OF MURPHY.

1. The statute authorizing the amendment of writs of error, authorizes an amendment of the writ, whenever the record furnishes the means of doing it.

Error to the County Court of Clarke county.

PECK, for the defendant in error, moved to dismiss the writ of error.

BLOUNT, contra, moved to amend.

ORMOND, J.—This writ is sued out after a final settlement of an insolvent estate, by the plaintiff in error, who was one of the creditors. This question has been frequently before the Court, but never in the precise aspect in which it is now presented. In Clarke v. West, 5 Ala. Rep. 126, it was held, that where the administrator of an insolvent estate wished to revise the final decree, all the creditors would be necessary parties to the writ, as in no other way could the unity of the cause be preserved; and also, because a reversal of the decree as to one creditor, would avoid the judgment as to all.

This case is the converse of that, but is in principle the same, and it is therefore necessary that all the creditors should join in the writ of error. If but one complains, he can join the others in the writ, and each may assign such errors individually, as affect their interest. The writ of error must therefore be dismissed, unless it can be amended under the recent statute authorizing the amendment of writs of error.

The act provides, that " all writs of error, wherein there shall be any variance from the original record, either in the name, or number, of the parties, the form of the action, or other defect, may and shall be amended, and made agreeable to the record." This comprehensive statute, authorizes the amendment of the writ, whenever the record furnishes the means of doing it. The writ was sued out by the Bank against "the estate of John Murphy, deceased," and comes within the letter of the

73

act. There is a defect in the "number" of the plaintiffs, and in the "name" of the defendants, and the record discloses the true state of the case. The record will therefore be amended, so as to unite the creditors of the estate as plaintiffs, with the plaintiff in error, and to make the administrators parties defendant.