CHARLES SHAW & others *vs.* ROYAL E. BLAIR.

Where, in an action of trespass against three defendants, in which the defendants pleaded the general issue, one of them severally and the others jointly, the jury returned a verdict that " the defendant is guilty;" and judgment was rendered thereon against the defendant who pleaded severally, without taking any notice of the others ; it was held, that the defendant against whom the judgment was rendered was alone entitled to reverse the same by error, and that a writ of error in favor of the three was improvidently issued, and must be quashed.

SHAW, C. J. This is a writ of error sued out by Charles Shaw, Royal Shaw and Elbridge G. Rich against Royal E. Blair, to reverse a judgment of the court of common pleas.

The original action was trespass *quare clausum,* by the defendant in error, against the three plaintiffs in error

Charles Shaw pleaded severally, not guilty, and gave notice, that he should insist on a right of possession, in defence. The two other original defendants joined in a plea of not guilty, and gave notice that they should rely on the right of Charles Shaw, having done the acts as his servants and agents, and by his direction, in defence. Upon these pleas issues were joined, and a trial had. It appears by the record, that the jury returned a verdict, that the "defendant is guilty," and assessed damages at the sum of $3·33. No notice is taken in the record of the two other defendants, but judgment is rendered against Charles Shaw for $3·33 damages, and costs exceeding $300.

Before looking at the error assigned, and deciding upon it, there is a preliminary question to be decided, namely, whether this writ is rightly sued out by the three plaintiffs in error. Whether the verdict was intended to be returned, as contended, against all the defendants, or the party defendant, we cannot now know; if it had been so intended, and the judgment· had followed it, there would have been no error. But the judgment was in fact rendered against Charles Shaw only.

The general rule is, that a writ of error must be sued out by those who were parties or privies to the judgment complained of, and which is sought to be reversed, and by no others. The general rule is laid down in Bac. Ab. Tit. Error, B.; 2 Wms. Saund. 46, note 6; 101, *e; Parker* v. *Lawrence,* Hob. 70; *Vaughan* v. *Lorimer,* Cro. Jac. 138; *Jaqueth* v. *Jackson,* 17 Wend. 434. No one can maintain a writ of error to reverse a judgment but he who is aggrieved by it. The writ alleges error to the great damage of the plaintiff. *Alling* v. *Shelton,* 16 Conn. 436; Co. Lit. 288. The fact that the original action is against three is not sufficient to authorize the three to join, if judgment was not rendered against them all. Where three were sued in trespass, and one was acquitted, and judgment rendered against the other two, it was held, that they could bring error, and that the one acquitted ought not to be joined. *Cannon* v. *Abbot,* 1 Lev. 210 There being no judgment against the three plaintiffs in error

we think the suit cannot be maintained. And where a writ of error is brought by parties not entitled to it, the practice is to quash the writ. *Rex* v. *All Saints*, 2 Stra. 1110; Tidd's Pr. (8th ed.) 1189.

*Writ of error quashed.*

*R. A. Chapman* and *H. Vose*, for the plaintiffs in error.

*H. Morris*, for the defendant in error.