EVANS *vs.* LIPSCOMB *et al.*

Where a suit is pending against a *feme sole,* and she intermarries, the suit does not abate, neither can the husband be made a party by *scire facias,* but the case proceeds to judgment and execution without noticing the husband.

Debt, from Troup county.   Decision by Judge BULL, at November Term, 1858.

This was an action of debt, by the ordinary, for the use of certain heirs at law, against Harriet Lipscomb, administratrix of Mildred Bowling, deceased, and her securities on the administration bond.

Pending the suit, the administratrix intermarried with Archibald G. Stanford, and *scire facias* issued and was served upon him to show cause why he should not be made a party defendant in said cause, &c.

Stanford, by his counsel, answered and showed for cause, that he was not liable to be made a party defendant to the suit pending against his wife as administratrix, at the time that he married her.

After argument, the court held the showing good, and

Evans vs. Lipscomb et al.

dismissed the *scire facias*. To which decision plaintiff excepted, and assigns the same as error.

B. H. BIGHAM, and N. M. HARRIS, for plaintiff in error.

B. H. HILL, *contra*.

*By the Court.*—LUMPKIN, J., delivering the opinion.

The only question in this case is this : If an action be pending against a single woman, and she marry, can a husband be made a party by *scire facias* ?

Our brother Bull decided that he could not; and he had the authority of this court for so holding.

Mr. Chitty says, "if she," (a feme sole,) "marry, pending an action against her, it will not abate, but the plaintiff may proceed to execution without noticing the husband." 1 Chitty's Pleadings, 48; 5th Amer. Ed., and citing 2 Strange 811; 4 East. 521; Cro. Jac. 523, Bacon Title Abatement G. Loft. 27; 2 Ld. Raymond, 1525. Our judiciary act of 1799, (Cobb 472,) provides that where a feme sole, "*being plaintiff,*" shall marry, pending any suit, the same shall not abate by said intermarriage, but the same being suggested on record, such cause shall proceed in the name of the husband and wife.

It would be well for the Legislature to extend the provisions of the act to the case of feme sole defendants, and authorize the husbands to be made parties, not summarily upon motion, but by *scire facias*.

Judgment affirmed.