J. A. LORING ET AL., PLAINTIFFS IN ERROR, vs. W. L. WITTICH, DEFENDANT IN ERROR.

1. A writ of error issued to bring up a judgment wherein the plaintiff in error and nine others were parties defendant, being responded to by sending the record of a judgment wherein the plaintiff in error is the only party defendant, will be quashed on motion.

2. If, however, before entry of the order, the plaintiff in error moves to amend the writ so as to make it conform to the record, this court may, under its statutory powers, allow the amendment. The practice in England and the United States as to amending writs of error considered.

Writ of error to the Circuit Court for Escambia county. The facts of the case are stated in the opinion of the court.

*E. A. Perry* for the motion to *quash* and *contra* the motion to *amend.*

*Geo. P. Raney* for the motion to *amend* and *contra* the motion to *quash.*

MR. JUSTICE WESTCOTT delivered the opinion of the court.

Wittich, the defendant in error, here moves to dismiss the writ of error, upon the ground of misjoinder of plaintiffs. The action in the Circuit Court was brought by Wittich against Loring and eight other persons as partners. There was service as to Loring only. The judgment as originally entered was against Loring and the other defendants, naming them. This judgment was subsequently amended by order of the court, and it stands against Loring alone. The *præcipe* for the writ of error is entitled in a case wherein John A. Loring *et als.* are defendants, and the writ of error is to a judgment described as against John A. Loring and nine others, naming the parties.

This writ of error has brought to this court a record of a

judgment wherein the plaintiff in error is the only party defendant to the judgment, while the writ which was brought, and which he caused to issue, was to a judgment wherein nine others with him were parties defendant. The case then is one wherein a writ of error to bring up the record of one judgment is responded to by sending the record of another and different judgment, the difference in the judgment being that one only of the defendants is a party defendant to the judgment brought up, while the judgment in the record of which error is alleged and complained of is against nine others.

No person can bring a writ of error to reverse a judgment who was not party or privy to the record, or who was not injured by the judgment, and therefore is to receive advantage by the reversal thereof. The writ itself alleges manifest error in the judgment to the damage of the party suing it out. The fact must be consistent with the statement, and parties cannot unite who have not been prejudiced by the judgment. Bacon's Abdg., Error B; 2 Saunders, note 6, 46; Parker vs. Lawrence, Hob. 70; Cro. Jac., 138. In the accomplished Attorney Styles' Practical Register, 281, it is said: "All parties that are grieved by an erroneous judgment may join in a writ of error to reverse the judgment, for this stands with justice; but persons that are not damnified by it cannot join with others that are damnified by it to reverse it, (Mich. 22, Car B. R.,) for the law will not favor any to sue who have no cause nor are concerned."

In trespass against three, there is judgment against two of them by default; the third justifies, and it is found for him. The two only may bring a writ of error, for he for whom the judgment is cannot say that the judgment was to his prejudice. Canon vs. Abbot, 1 Lev., 210. This is the rule in the English Courts, and the like rule prevails in the American.

In the case of Jaqueth and Paddock vs. Jackson and

House, (17 Wend., 434,) a suit in tort was commenced against two, but only one was summoned and declared against, and judgment was rendered against him. Both of the defendants united in suing out a writ to reverse the judgment. The Supreme Court of New York held that the writ should be quashed. In Shaw *et als.* vs. Blair, (4 Cush., 97,) there was trespass against three defendants, and judgment was rendered against one only. Upon a writ of error in favor of three, the court held that the defendant against whom the judgment was rendered was alone entitled to reverse the same by error, and quashed the writ in favor of the three.

The conclusion of the court is, therefore, that the motion to quash the writ is well taken; but the plaintiff in error (Loring) here moves to amend by striking out the names of the parties plaintiff in error who were not parties defendant to the judgment in the Circuit Court, and to the question thus raised we address ourselves. A writ of error was amendable at common law, and in the Supreme Court of the United States, where its jurisdiction is regulated by the acts of Congress prescribing the method of proceeding, it was held, anterior to the act of Congress of June 1, 1872, (ch. 255, sec. 3, vol. 17, page 196,) that a writ of error could not be amended. Mr. Chief-Justice Taney, in Hodge *et al.* vs. Williams, (22 How., 88,) speaking for the court, says: "The amendment proposed cannot be made here. An amendment presupposes jurisdiction of the case, and this court have no appellate power over the judgment of the court below, unless the judgment is brought here according to the act of Congress, that is by writ of error; and that writ, from its nature and character, must be sued out by the party who alleges error in the judgment of the inferior court. This writ is not mere matter of form, but matter of substance prescribed by law and essential to the jurisdiction of this court, and if it were amended here by making the plaintiffs

in error defendants and the defendant in error the plaintiff, it would be a new writ made here and not the one issued by the officer appointed by law. Upon this principle the court have uniformly refused to amend writs of error." This last statement seems to be a mistake, for a writ of error was amended in Deneale vs. Stimps' Extrs., 8 Pet., 527. Since the statute of June 1, 1872, amendments within its terms have been allowed. (15 Wall., 684.) The question, therefore, in this matter is, have we any statute of force in this State authorizing this amendment?

Under the statute of 5 Geo. I., ch. 13, the English courts amended a writ of error in the precise particulars in which this writ is now sought to be amended. That statute provided: "That all writs of error wherein there should be any variance from the original record, or other defect, may and shall be amended and made agreeable to such record by the respective courts where such writ or writs of error shall be made returnable." This statute is in force in this State, (Thomp. Comp. Manuscript, page 38,) unless it is superseded by the 74th section, chap. 1096, laws 1861, and if it is so superseded, the same power is vested in the courts under the 74th section.

In Verelst and Smith vs. Rafael, 2 Cowp., 425, there was trespass and false imprisonment against two; one only was found guilty. There was a writ of error in the name of both, and it was amended by striking out the name of the defendant who had judgment below.

Lord Mansfield, in disposing of the motion to amend, said: "The ground upon which the application for quashing the writ of error in this case is founded, is because it does not agree with the original record," and the power to amend is derived from 5 Geo. I., ch. 13. In disposing of the motion, he remarked: "If there were any doubts they ought to be extended as far as possible, because it is for the furtherance of justice." A similar ruling was made in the

cases of the Sword-blade Company vs. Dempsey, 2 Str., 892 ; 1 Str., 683. In the American courts a like liberal rule has prevailed in the matter of amendments of writs of error. 2 Litt., 145 ; 9 Cow., 304 ; 12 Ga., 270 ; 4 Ga., 403 ; 7 Ala., 577 ; 8 Ala., 273 ; 9 Ala., 731 ; 11 Ala.

Our conclusion is that the amendment is duly applied for and should be allowed. Before disposing of this case, we think it proper to allude to the question of jurisdiction which has been mentioned in the argument, (and which seems to have been the view entertained by the Supreme Court of the United States,) which is, that unless all the requirements of the statute controlling the subject are complied with strictly, there is no power of amendment in the court, the defect being jurisdictional.

The jurisdiction of this court is derived from and defined by the Constitution. It does not proceed from legislative action. A writ of error is a method prescribed by the Legislature through which our jurisdiction is exercised. Such writ is in the nature of a new action. Any defect in it is subject to objection, as in any original writ. If proper parties are not joined, the defendant in error may, under our practice, object by motion to dismiss. Such motion is in the nature of a plea in abatement of the writ. This court having general jurisdiction to issue, hear, and determine writs of error, such a motion cannot be likened to a strict plea to the jurisdiction of the court. Such motion is in the nature of a dilatory plea. It defeats, if successful, the particular proceeding, suit, or action, without reference to the general right of action or the jurisdiction of the court over such particular action when properly instituted.

The amendment is allowed, the plaintiff in error to pay costs of both motions.