JOHNSON, DANIELS & CO., PLAINTIFFS IN ERROR, VS. POLK COUNTY, DEFENDANT IN ERROR.

1. The dismissal of an appeal for failure to comply with some requirement of the law governing appeals does not bar a second appeal, nor a writ of error, taken in due time.

2. It is error to sue out a writ of error in the firm name or style of a partnership without stating the names of the persons composing the firm ; whether such a defect is amendable, not decided.

3. Until a final judgment, or in other words, one disposing of the *action*, has been rendered, no appeal or writ of error lies in civil cases at law. An entry sustaining a demurrer with costs is not a final judgment.

Writ of Error to the Circuit Court for Polk county.

This was a motion to dismiss the writ of error. An appeal in the same case was dismissed at the January term, 1887, for failure to make deposit or file bond to secure the Clerk's costs. See 23 Fla., 58. The other facts of the case are sufficiently stated in the opinion.

*G. A. Hanson* for the motion.

*E. A. Hammond, contra.*

MR. JUSTICE RANEY delivered the opinion of the court:

The dismissal of an appeal for failure to comply with some substantial requirement of the law governing appeals does not bar a second appeal nor a writ of error, ta-

ken within the time allowed by the statutes for taking appeals and writs of error. Harris vs. Ferris, 18 Fla., 81.

It is error to sue out a writ of error in simply the firm name or style of a copartnership.

The names of the individuals composing the firm should be set out as they appear in the record of the cause. Whether such an error is amendable it is unnecessary to discuss here, as upon an inspection of the transcript we discover there is no final judgment in the case.

The judgment, which it is sought to have reviewed, orders that the demurrer " be sustained," and that " judgment on the demurrer is hereby entered upon the demurrer for the defendant with costs." There is no entry disposing of the action, and until there is one no appeal or writ of error lies. Gates vs. Hayner *et al.*, 22 Fla., 325.

The writ of error is dismissed.