THE UNITED STATES MUTUAL ACCIDENT ASSOCIA-
TION OF THE CITY OF NEW YORK, PLAINTIFF IN
ERROR, VS. TALLULAH H. WELLER, AND FRANK
WELLER, AN INFANT, BY TALLULAH H. WELLER,
HIS NEXT FRIEND, DEFENDANTS IN ERROR.

1. A writ of error from the Supreme to the Circuit Court, which is
addressed to the judge of the latter court, and commands him
to send the record of the cause to the former court, and which
describes the parties to the judgment sought to be reviewed
precisely as they are described in the record of the Circuit
Court, is in due form as to the points indicated.

2. A writ of error which has been duly served is not abated by the
subsequent marriage of a female defendant in error who was a
*feme, sole* when she recovered the judgment sought to be re-
viewed by the writ, but the suit in error will proceed against
her as if she had remained unmarried.

3. Where a *scire facias ad audiendum errores* describes correctly,
in its recital, the parties to the judgment complained of, but
in the citing part brings in parties whose names do not ap-
pear in the writ of error, the irregularity in the *scire facias*
may be cured by amendment.

4. Where, in the citing part of a *scire facias ad audiendum errores*,
a party is described as guardian of another, and the former
party is described in the recital of such writ and in the writ of
error, as the next friend of the latter party, the word "guar-
dian" will be construed to mean "next friend," and the vari-
ance held immaterial.

5. It is not material that a second, or *alias scire facias ad audi-
endum errores*, was issued without an order or rule of court,
the first or original not having been served.

Writ of Error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

Motion to quash Writ of Error and *Sci. Fa.*

*Cooper & Cooper* for Motion.

*Hammond* and *McCallum, contra.*

RANEY, C. J.:

Defendants in error, who were plaintiffs in the Circuit Court, recovered judgment against plaintiff in error for the sum of $5,500 on May 11th, 1891. A writ of error issued on January 27th, 1892, returnable to the present term of this court, and was duly served by lodging it in the clerk's office of the Circuit Court on the 29th of the same month, and on the same day that clerk endorsed on the writ as his return thereto, an adoption of the transcript of the record then on file with our clerk, and the writ was returned to this court where it has been on file since the first day of February last. It appears that afterwards, on the 15th day of the last stated month, Mrs. Weller married one L. F. Frink, and on the first of March the attorneys of the plaintiff in error filed a præcipe upon which they obtained from the clerk of this court a second *scire facias ad audiendum errores*, which, after describing the judgment correctly as one obtained by Tallulah H. Weller, and Frank Weller, an

infant, by Tallulah H. Weller, his next friend, against the United States Accident Association of the City of New York, commands our sheriff to make known to "Tallulah H. Weller, now Tallulah H. Frink, and L. F. Frink, her husband, and Tallulah H. Frink, guardian of Frank Weller, a minor, and Frank Weller, a minor," that they be before this court on the first day of the present term, to hear the record and proceedings, and errors assigned. This writ was served on the sixth day of April upon "Mrs. Tallulah H. Frink, formerly Mrs. Tallulah H. Weller, and L. F. Frink, her husband," and on Frank Weller, the infant, "by showing him the original and delivering to him a true copy hereof, in the presence of Mrs. Tallulah H. Frink, formerly Mrs. Tallulah H. Weller, his next friend and guardian," and on the said Mrs. Frink "as next friend and guardian" of said minor.

The movants are the defendants in error, and the motion is to quash the writ of error and *scire facias* and the service of both writs.

We will dispose of the several points made in the brief of counsel for movants. Opposing counsel has filed no brief, nor any memoranda of the authority he read at the bar.

In so far as the motion relates to the writ of error, it is sufficient to say that this writ should not have been, and is not addressed to and does not command service on any of the parties named as defendants in error, nor is it addressed to, nor does it command service on any other party except that it is addressed to the Judge of the Fourth Judicial Circuit of the State

of Florida, and commands him to send the record of the cause to this court. It is in the usual form, and the service of it, made as indicated above, was proper. Describing as it does the parties to the judgment precisely as they are described in the record of the Circuit Court before us, it does not violate, but conforms to, the authorities cited by counsel in support of the motion. City of Pensacola vs. Reese, 20 Fla., 437; Johnson, Daniels & Co. vs. Polk County, 24 Fla., 28, 1 South. Rep., 334; Kail *et al.* vs. Wetmore, 6 Wall., 451; Payne vs. Niles, 20 How., 219. No one has been made a party to the writ who is not a party to the judgment.

As to the *scire facias ad audiendum errores*, it will be observed that it too describes the parties to the judgment correctly in the recital, which is the only place in which a description of them is attempted; and hence the features of the writ calling for consideration are the command to summon Mr. Frink, the husband, and the description of Mrs. Frink, as guardian of the minor.

We shall first notice the point of the introduction of Mr. Frink's name into this writ; first premising, however, that it is to be kept in mind that the suit in error had been previously begun by lodging the writ of error in the clerk's office of the lower court (State vs. Mitchell, 29 Fla., 302, 10 South. Rep., 746; Crippen vs. Livingston, 12 Fla., 638), and that this transferred the record to this court. The writ of error had then been brought; or, in other words, there was then

a cause pending here, but the defendants in error were to be brought here by *scire facias ad audiendum errores*. Before they were so brought here Mrs. Weller married Dr. Frink. The question is, what effect did this marriage have upon the suit in error.

At the common law the marriage *pendente lite* of a *feme sole* defendant in an ordinary action did not abate the suit, or preclude the plaintiff's proceeding to judgment against her, the same as if she had not married. Chitty's Pleading (16th Am. ed.), 465; E. Blackstone's Comm., 414; Bacon's Abr., *Abatement*, (G); Barbour on Parties, 144; King vs. Jones, 2 Strange, 811, s. c. 2 Ld. Raymond, 1525; Cooper vs. Hunter, 4 East, 520; Cro., Jac. 1, 323; Lofft, 27; Evans vs. Lipscomb, 28 Ga., 71; Crockett vs. Ross, 5 Greenleaf, 443; Commonwealth vs. Phillipsburg, 10 Mass., 78. It seems, however, that if after judgment against her and before execution, she marry, there had to be a *scire facias* against her and her husband to obtain execution of the judgment (2 Wm. Saunders, 72. k. 1), though this was not so in all cases. Cooper vs. Hunter, *supra;* Cro., Jac. 1, 323; 2 Wm. Saunders, 72, 1; Doe vs. Butcher, 3 Maule & S., 557. The act of November 21, 1829, provided that when any female, plaintiff or defendant, should marry pending a suit, her marriage should be suggested on the record, and her husband thereafter made a party, and then the case proceeded according to law, Th. Dig., sec. 4, p. 333, and this was the rule here till the practice act of February 8, 1861, whose forty-seventh section (sec. 996 R. S.) ordains that the marriage of a woman

plaintiff or defendant shall not cause the action to abate, but the action may, notwithstanding, be proceeded with to judgment ; and such judgment shall be rendered for or against the wife alone, and the execution therein levied on her property alone ; and in case of a judgment for the wife, execution may issue therein by authority of the husband without suggestion.

A writ of error is a new action, and is brought as indicated above (State vs. Mitchell, *supra*); and it was not abated at the common law by even the death of the defendant. If such death happened before the plaintiff in error had assigned errors, and he did not assign them, the executors or administrators of the defendant in error could take a *scire facias quare executionem non* to compel him to do so; but if the death happened after errors had been assigned, the executors or administrators proceeded in the name of the deceased defendant in error till judgment was affirmed, and then they revived by *scire facias.* 2 Tidd's Prac., 1163; Townshend vs. Townshend, 10 Gill & J., 373. A plaintiff in error, after having assigned errors, could sue out a writ of *scire facias ad audiendum errores* to compel the executors or administrators of the deceased defendant in error to join in error. 2 Tidd's Pr., 1163 and 1172; Bac. Abr., *Error*, ( ); Bromley vs. Littleton, Yelv., 112; Wicket vs. Creamer, 1 Salk., 264; s. c., 1 Ld. Raymond, 439; Phares vs. Saunders, 18 W. Va., 336; Green vs. Wat-

kins, 6 Wheat., 260. It was likewise held that the bankruptcy of a defendant in error was not an abatement of the writ, and therefore that the assignees of the bankrupt could not sue out a *scire facias quare executionem* to compel an assignment, but should proceed in the bankrupt's name till judgment. 2 Tidd, 1164; Kretchman vs. Beyer, 1 Term Reports, 463.

We are satisfied that the writ of error was not abated as to Mrs. Weller by her marriage. She could not abate a writ by her own act. King vs. Jones, 2 Strange, 811. The writ as stated, was regular in every respect; there was no variance as to parties, or otherwise, between it and the judgment or record. 2 Tidd, 1163; 2 Saunders, 101 a, note to Jacques vs. Cesar. The plaintiff in error was not required to serve the *scire facias ad audiendum errores* until at least twenty-five days before the first day of this term. McClellan's Digest, p. 843, sec. 2. Had she died, instead of marrying, it is true that the *sci. fa.* would have gone to her personal representatives, as they would have stood in her shoes, and necessarily to no one else, because none other could represent her; and this course would have been pursued without any abatement of the writ of error or consequent necessity for a revivor of the latter writ. N. O., J. & G. N. R. Co. v. Rollins, 36 Miss., 384; Phares vs. Saunders, 18 W. Va., 336. Here, however, she is still living to represent herself the same as she would in an ordinary action, and the *scire facias* should run to her, just as if no

marriage had taken place.  She being alive, it should conform to the writ.  This view seems to us to be entirely consistent with the common law doctrine, and with the section of our Revised Statutes referred to above; though there might be reasons for a different procedure, had the act of 1829 remained in force. The present husband can assist the wife, who is still the same defendant in error, in sustaining her judgment by proceedings in her former name as he could in the case of an ordinary action at law; Crockett vs. Ross, 5 Maine, 443; and certainly his rights in the event of a successful resistance of this attack made prior to their marriage upon her judgment are no greater, nor would his liability be more in case of a contrary result, than in an ordinary action.  The judgment and its fruits in so far as she has recovered in her own right would on the former contingency be her own separate statutory property, and we fail to see that there would be any liability upon his part for costs or otherwise upon the other or adverse result alluded to.  It is true that in Pocklington vs. Peck, 1 Strange, 638, where error was brought on a judgment recovered by a *feme sole*, the plaintiff in error pleaded in abatement of a *scire facias quare executionem non* that the defendant in error had married since the judgment and before the issuing of such *sci. fa.*, and thereupon the defendant in error moved to quash her own *sci. fa.* and she was permitted to do so, the contest being, however, confined to the question of costs, which were

denied the plaintiff in error.  Her dismissal of the *sci. fa.* may have been upon the theory that she could not take execution without *sci. fa.* by her husband and herself when she had married after judgment (2 Saunders, 72, k. 1 ; Robinson's Forms, 249, 245, Forms 10 and 1), but still this is not an adjudication upon the sufficiency of the plea ; nor does it appear that the purpose of the *sci. fa.* was simply to compel an assignment of errors by the plaintiff in error, or that he had not assigned error.  In Fairfax's Executor vs. Fairfax, 5 Cr., 19, where there was a motion to dismiss the writ of error because the citation was not served on the latter, the defendant in error, but on her husband, Catlett, with whom she had intermarried since the judgment below, and the service was held good, there does not appear to have been any revivor of the writ or process against the husband, but, on the contrary, the cause seems not to have been affected by the marriage, except that service on the husband was held sufficient service of the citation.

In our judgment the *scire facias ad audiendum errores* should have conformed to the writ of error in the names of the parties, but in so far as Mrs. Weller, now Mrs. Frink, is concerned, it shows clearly upon its face that she is the person intended to be cited as defendant in error, both in her own right and as representing the minor.  The variance of the *sci. fa.* from the writ of error is a matter susceptible of amendment.  Gilmer vs. Bird, 15 Fla., 410 ; Loring vs. Wit-

tich, 16 Fla., 323 ; Weiskoph vs. Dibble, 18 Fla., 22 ; Johnson, Daniels & Co. vs. Polk County, 24 Fla., 28; 1 South. Rep., 334 ; Sammis vs. Wightman, 25 Fla., 547 ; 6 South. Rep., 173. After striking out from the *sci. fa.* the names of parties not appearing in the writ of error, conformity to such writ will be observed.

The use of the word "guardian" is to our minds an immaterial error. Viewing the whole writ of *sci. fa.*, we think, in view of the previous description of Mrs. Weller as next friend, that the word objected to can be given no other meaning than that of next friend. It can be reasonably construed as meaning such a guardian, but not any other kind. The variance is not fatal, but, on the contrary, is immaterial. Green vs. Foley, 3 Stewart, 239 ; Pearle vs. Phipps, 8 How., 256 ; Campau vs. Brown, 48 Mich., 145 ; Pacific Bank vs. Mixter, 114 U. S., 463.

The plaintiff in error has moved to amend the proceedings, but not in the manner indicated above to be necessary, yet, under the liberal practice obtaining in these cases (Loring vs. Wittich, 16 Fla., 325–27), and the indisposition, to say the least, to quash even a writ of error for anything amendable (2 Tidd, 1162), we will give him the same benefit as if he had not mistaken the nature of the amendment to be asked for, but upon the usual condition of paying the costs of both motions. Loring vs. Wittich, *supra.*

It seems that a *sci. fa. ad aud. er.* had issued cotemporaneously with the writ of error, but no service

of it was made. The mere fact that the second or "*alias scire facias*," as it is termed by counsel for the motion, was issued upon præcipe of attorneys, and without an order or rule of this court, we do not think a material objection to it.

The plaintiff in error will be permitted to amend, but he must pay the costs of both motions. It will be so ordered.