BURK *against* BARNARD.

LYNCH, for the plaintiff, moved to amend the *capias ad respondendum* in this cause, which was sued out on the 15th *April* last, and returnable at this term, and the defendant arrested thereon. The writ was tested by mistake in the year 1808, instead of the year 1809. He cited *Carty* v. *Ashly,*[*] as a case in point.

A void writ cannot be amended.

[*] 2 *Black. Rep.* 918.

*H. Bleecker,* contra, contended, that the writ was a nullity, and that where process is void, it cannot be amended, and relied on the case of *Bunn* v. *Thomas & King.*[†]

[†] 2 *Johns. Rep.* 190.

*Per Curiam.* It was decided in the case of *Bunn* v. *Thomas & King,* that where a term or more intervenes between the teste and return of a writ, it is a nullity, and that where a writ is void, it cannot be amended. The motion must be denied.

Rule refused.

———

HAVILAND *against* BOND.

IN *dower.* D. B. *Ogden,* for the demandant, moved, that the tenant should be called. *Slosson* appeared for the tenant; *Ogden,* thereupon, counted; *Slosson* then moved for a special imparlance until the next term, to which *Ogden* objected: But the court said, that it was a matter of course to grant a special imparlance until the next term.[‡]

In *dower,* it is a matter of course, after the demandant has counted, to grant the defendant a special imparlance until the next term.

[‡] *Booth,* 36