#### OF THE

## SUPREME COURT OF THE STATE OF FLORIDA,

#### AT

### JANUARY TERM, 1857,

## HELD AT TALLAHASSEE.

————•◦◄◅►►•◦————

JOHN RABON, APPELLANT, *vs.* THE STATE, and A. LOUBAT, AP-
PELLANT, *vs.* KIPP & YOUNG, EXECUTORS, &c., APPELLEES.

It is irregular to bring original papers from the Circuit Court, which by law
and the rules of Court, are required to be deposited in the Clerk's office,
and the Court will not decide a case so presented to them.

If the originals are required in a case, they may be had on motion or applica-
tion to the Court or to the Circuit Judge.

Nor will the Court entertain a case without writ of error or appeal.

John Rabon was indicted and convicted of murder in
Madison County.  He sued out a writ of error and the
cause was argued on its merits by  B. C. Pope, for Rabon,
and M. D. Papy, Attorney General, for the State.   The re-
cord upon which the argument was made contained a tran-
script of the proceedings of the Court below, to which was
attached the original bill of exceptions uncertified to by the
Clerk.

In the case of Loubat vs. Kipp & Young which was ar-
gued by Mr. Davis, for Loubat and Mr. Papy for Kipp &
Young, the record did not contain a full transcript of the
proceedings, nor was there any evidence that a decree had
been pronounced.   These deficiencies were attempted to be
supplied by agreement of Counsel attached to the record in
this Court.

BALTZELL, C. J.:

We are constrained to decline making a decision in these

2

cases, and to set aside the order announcing their argument· The latter case is presented to us through part of the original papers of the Court below, and an imperfect copy of part of the proceedings, with no copy of the record as required by the law, nor is there anything in the papers to show that an order or decree has been rendered in the case. It is inexcusable in the Clerk of the Court to allow original papers to be taken from his office for such purpose, nor will the Court entertain a case presented in such shape. If originals are desired, the order for their production will be made on application, as provided by the rules.

In the case of Rabon, a copy of a record is presented, certified by the Clerk as containing the entire transcript of the proceedings in the case, to which has been since attached the original bill of exceptions, to which no authority is given. It does not appear under the seal of the Circuit Court, nor is there an attestation of the Clerk that it is a true copy of the record and proceedings of the case. In neither case do we perceive either an appeal or writ of error. Such a departure from correct and proper proceedings cannot be permitted, especially in a case of life and death. Let the bill of exceptions be separated from the copy of the record in the case of Rabon, and sent to the Clerk of the Circuit Court. Let the original papers in the case of Kipp & Young and Loubat be returned to the Clerk of the Circuit Court, and the argument in both cases be set aside.