## ROLKE vs. THE STATE.

A writ of error should be returned by the inferior court or the clerk thereof, with the record, and in order that it may be so returned, the *writ itself* should be left in the custody of the inferior court.

Where a writ of error was served by delivering an attested *copy* thereof to the judge and clerk of the inferior court, and showing them the original, and the judge annexed to such *copy*, and .certified up under the seal of his court, a transcript of the indictment and proceedings in the cause, (the original writ being filed in this court by the attorney of the plaintiff in error, with proof of such service,) it was *held*, that the record had not been duly brought into this court, and that the writ of error should be dismissed.

ERROR to the Municipal Court for the City and County of Milwaukee.

The case is stated in the opinion of the court.

*S. Park Coon*, for plaintiff in error.

*D. Corson*, for the state.

October 15.   *By the Court*, COLE, J.   The plaintiff in error was indicted for the crime of larceny, second offense, and tried and convicted of such offense, in the municipal court for the city and county of Milwaukee, in December last. After judgment was rendered on the conviction, a writ of error was sued out, for the purpose of removing the record in the cause to this court, for review. It appears that this writ was served by delivering an attested copy thereof to the judge

June Term, 1860.

ROLKE
v.
THE STATE.

and deputy clerk of the municipal court, and showing them the original. Whereupon the judge of that court has annexed to the copy of the writ of error, and certified up under the seal of the court, a copy of the indictment, and a transcript of the proceedings in the cause. The original writ was returned and filed in this court, by the attorneys, we suppose, for the plaintiff in error, on the 9th of March last, with proof of service as above stated, and upon that day a motion was made, on behalf of the state, to dismiss the writ, for the reason that the original was not returned to this court by the judge of the municipal court, with a transcript of the record, and further, because it had never been returned to this court by any person authorized to return the same. We think this motion must be granted. Our statutes contain no specific directions in regard to the service and return of writs of error. By section 25, chap. 139, R. S., 1858, it is provided that writs of error in civil and criminal cases, may issue of course out of the supreme court of this state, in vacation as well as in term time, and shall be returnable to the same court. This statute however leaves the matter, as to the service and return of writs of error, to be governed by the general rule of practice. In this state, we believe, the practice has been, to file the original writ with the clerk of the court in which the judgment was rendered, who makes return thereto of the proper transcript and record. And when such return of the clerk, with the writ, is filed in this court, we have jurisdiction of the cause, and can proceed to judgment. As we understand it, it is the original writ which brings up the record of the inferior court. The supreme court writ runs to the inferior court, and should be returned by that court, or the clerk thereof, with the record. And in order that such court may return the writ with the proper record, it should be left in the custody and under the control of the inferior court. In this way a proper return may be made, and the cause be brought to this court. Nor do we think that the position of the cause is varied because the judge saw fit to make return to a copy of the writ. The usual practice in the circuit courts is for the clerk to make the return, and that undoubtedly should have been done in this

June Term, 1860.

case. (See chap. 199, Private Laws, 1859, establishing the municipal court, p. 386.) But passing by this irregularity, suppose an inferior court should send up a record of a cause to the supreme court without any writ whatever. No one would insist, because the papers were filed with the clerk of the supreme court, that *ipso facto* the supreme court had jurisdiction. The court of review must issue its writ, running to the inferior court, and, by means of its process, bring the cause before it in a proper manner. And the record is sent up by the inferior court in obedience to the writ and according to its mandate.

We have found no authority bearing directly upon this question of practice in respect to the service and return of writs of error, but reason and the general analogies of the law would seem to show that the correct practice is such as has heretofore obtained in this state, and which we have herein indicated and pointed out.

It follows from these views, that the record of this cause has never been brought up from the municipal court, and the motion to dismiss the writ must be granted.