FERNANDO A. UNDERWOOD, APPELLANT, VS. ELLEN UNDER-
WOOD, APPELLEE.

1. Deficiencies in the record cannot be taken advantage of by motion to dismiss the appeal. If the appellee desires to remedy the deficiency, he must suggest the diminution and move for a *certiorari* under the rules.

2. What is good cause for an omission to file a copy of the record on the first day of the term of this court in accordance with the statute, is matter to be addressed to the discretion of the court. In this case, held that the state of the country at and preceding the first term of this court was sufficient cause to excuse a failure to file the record on the first day of that term.

Appeal from the Circuit Court for Alachua county.

This was a motion to dismiss the appeal upon grounds stated in the opinion of the court.

*J. B. Dawkins*, for Appellant.

*C. P. Cooper*, for Appellee.

HART, J., delivered the opinion of the court:

This case being upon the docket, the appellee made a motion to dismiss it on the ground of alleged deficiencies in the record. There is nothing in the statutes of the State, nor in the rules of court, authorizing this court to make an order for the dismissal of a cause on such grounds. If an appellee desires to have any material deficiency in the record supplied, he must suggest the diminution, and upon a proper showing, a *certiorari* will be awarded. If he permits the appeal to be heard without supplying the deficiency, it is his fault. This is no ground for a motion to dismiss. The court cannot open the record upon this motion, except to see whether the appeal has been properly perfected and brought here. The motion is overruled. Whereupon the appellee makes a second motion to dismiss this cause, assigning

for cause that there is no record, because what purports to be a record was filed at the present term of the court, a term of the court having been held since the appeal was taken; and filed the certificate of the clerk of the circuit court to the effect that an appeal was obtained and a bond given by the defendant; that the bond was filed on the 17th day of June, and the citation served on the 17th day of October, A. D. 1868. For this cause, unless good cause is shown by the appellant, the appeal should be dismissed. Such is the requirement of the statute. Strictly speaking, this court should not permit or hear repeated motions for the same order, but as counsel was permitted to argue it, it should be decided. The appeal was returnable to the term of the Supreme Court then existing, next after it was obtained. The new Constitution ratified in May and proclaimed in June, A. D. 1868, changed the time and place of holding this court to the seat of government in October, 1868.

The general uncertainty which existed throughout the State incident to the great changes then being made in the fundamental law of its government, continued by the difficulties attending the publication and distribution of official copies of the new Constitution, and of the statutes passed at the first session of the Legislature, are considered under the circumstances by the court as good cause shown why this motion should not be granted. It is the duty of the appellant to have his record here at the time prescribed by law, and but for these public reasons this appeal would be dismissed. He has thirty days to perfect his record in, and if he fails to do it, unless for very good reasons, his appeal will be dismissed.

The motion is denied.