PAUL CRIPPEN, PLAINTIFF IN ERROR, VS. FELIX LIVINGSTON, DEFENDANT IN ERROR.

1. A writ of error is not commenced or brought and prosecuted with effect within the meaning of the statutes of this State until it is filed in the court which rendered the judgment. The day on which it is issued or bears test is immaterial.

Writ of error to the Circuit Court of Nassau county.

This was a motion to dismiss the writ upon grounds stated in the opinion, to which reference is made for a full statement of the facts.

*B. B. Andrews* for Plaintiff in Error.

*Felix Livingston* for Defendant in Error.

WESTCOTT., J., delivered the opinion of the court:

This case is brought here by writ of error upon a judgment rendered in the circuit court in Nassau county, and a motion is now made to dismiss the writ upon the ground that it has not been prosecuted within the time required by the statute. It appears from the certificate of the clerk accompanying the record that the judgment in this case was rendered and recorded on the 21st of December, A. D. 1866, and that the 22d day of December, A. D. 1866, was the last day of the term. The writ of error, by which the case is brought here, was issued from this court on the 19th December, A. D. 1868, and was filed in the court below on the 2d January, A. D. 1869.

Paul Crippen vs. Felix Livingston—Opinion of Court.

The act of 1861 (ch. 1096, §49, Laws of Florida) provides that "no judgment in any cause shall be reversed or avoided for any error or defect therein, unless error be commenced or brought and prosecuted with effect within two years after such judgment signed or entered of record."

The corresponding act controlling this subject in the courts of the United States (act of 1789, ch. 20, §22) provides that writs of error shall not be brought but within five years after rendering or passing the judgment or decree complained of, and the Supreme Court of the United States has held that a writ of error is not *brought* in the legal meaning of the term until it is filed in the court which rendered the judgment, and that the day on which the writ may have been issued, or on which it bears test, are not material in deciding the question. 11 Howard, 208.

The record of the inferior court is not transferred, its proceedings are not affected, and, indeed, but little follows the simple issuing of the writ. Our statute requires that the writ shall be commenced and prosecuted with effect, or brought and prosecuted with effect, the words being: "Unless error be commenced or brought and prosecuted with effect" within two years after judgment signed or entered. To come within the legal meaning of this statute, the writ must be filed in the inferior court before two years after judgment entered. In this case two years and twelve days have transpired. We deem it unnecessary to determine what may be the effect of a failure to serve the *scire facias* to hear errors "at least twenty-five days before the first day of the term to which the writ of error is returnable."

Under the rules of this court and the statute we think the proper method to take advantage of the limitation of the statute is by this motion or a motion to quash. Our practice in such matters corresponds under the rules to the practice of the Supreme Court of the United States, and this is the practice in that court. 11 Howard, 208.

The writ must be dismissed.