E. C. SAMMIS, AS ADMINISTRATOR, PLAINTIFF IN ERROR, VS. J. S. WIGHTMAN, DEFENDANT IN ERROR

1. When the time intervening between the bringing of a writ of error to a judgment of the Circuit Court, and the first term of the Supreme Court thereafter will not admit of service being made of the *scire facias ad audiendum errores* at least twenty-five days before the first day of such term, the writ of error and *scire facias ad audiendum errores* should be made returnable to the first day of the term next succeeding such first term of the Supreme Court.

2. A *scire facias ad audiendum errores* should be directed to the Sheriff of the Supreme Court, and not to the defendant in error.

35

3; The fact that a *scire facias ad audiendum errores* is directed not only to the Sheriff of the Supreme Court, but also to "his lawfully authorized deputies," is as to the words quoted a mere error of form, susceptible of being corrected by amendment, and such erroneous words constitute no ground for quashing the writ, particularly where the service has been made by a duputy and returned in the name of the Sheriff by such deputy.

Writ of error to the Circuit Court for Duval county.

Motion to dismiss writ of error and quash *scire facias*.

The facts of the case are stated in the opinion of the court.

*A. W. Cockrell & Son* for the motion.

*C. P. and J. C. Cooper contra.*

RANEY, C. J.: Wightman, suing for the use of James and Lucetta Marcher, recovered judgment against E. C. Sammis, as administrator of John S. Sammis, on January 11th, 1887, in Duval Circuit Court. On the second day of January of the present year, 1889, a writ of error was issued by the Clerk of that court, and filed by him. This writ is upon its face returnable to the present, or June, term of the Suprme Court, on the second Tuesday in the month, which was the first day of the term. The writ, with a transcript of the record in the cause, was filed in the Supreme Court on the 8th day of January. The Clerk of Duval Circuit Court also issued cotemporaneously with the writ of error a *scire facias ad audiendum errores* returnable, like the writ of errors, to the first day of the June term of the Supreme Court, and on the same day it was served on the attorneys of the defendant in error, the return being made in the name of the Sheriff of the Supreme Court by a deputy.

The defendant in error has moved to "dismiss" the writ

of error, and "vacate" the *scire facias* on the following grounds:

1st. The writ of error was sued out and served, if any service was made, prior to the January term, 1889, of this court, and was made returnable to its next, or June, term.

2d. That the judgment was rendered two years and six months before the term to which the writ of error is made returnable.

3d. The *scire facias* was not issued, directed, made returnable, served or returned as required by law.

The January term of this court for the present year began on the eighth day of that month, and consequently only six days subsequent to the issue of the writs in question.

Counsel for defendant in error contend that the writ of error should have been made returnable to the January term, and not to the June term. They argue that no provision has been made by our statutes as to when a writ of error shall be returnable, and, hence, that it is left as at common law. The common law, they say, required all writs to be made returnable to the next term after issue, and, further, so mandatory was this requirement that writs made returnable after an intervening term were held not merely voidable, but absolutely null and void and incapable of amendment; citing Parsons vs. Loyd, 3 Wilson, 341; Shirley vs. Wright, 2d Ld. Raymond, 775; Bunn vs. Thomas, 2 Johns., 190; Burk vs. Barnard, 4 Johns., 309; Jackson vs. Crane, 1 Cowen, 38; Blanchard vs. Goss, 2 N. H., 491. These authorities have been carefully considered, but it is unnecessary to comment upon them, as our conclusion is based upon the statute regulating the subject before us.

The statute regulating appeals and writs of error in civil actions in this State is that approved February 10th, 1832. It has been amended by subsequent statutes, but in particulars not affecting the points raised here except that of the

limitation of the time for taking such writs, which will be specially noticed. This act of February 10th, 1832, is a revision of a previous statute of the same title, viz: "An act regulating the mode of suing out writs of error and prosecuting appeals in the Court of Appeals of the Territory of Florida," approved November 12th, 1828.

This court is the successor of the Court of Appeals.

The appeal authorized by the statute is a creature of legislative power. It may be taken during the term of the court at which the judgment is rendered, or, under the act of 1877, section 2, p. 840, McC.'s Dig., within thirty days thereafter. Before the act of 1877 it might be also taken within ten days after the term. It is provided by the third section of the act of 1832, section 6, p. 841, McC.'s Dig., that when the appeal is taken in vacation, twenty-five days' notice of the appeal shall be given to the appellee before the *first day of the term* of the Supreme Court at which such appeal *is to be tried,* and the fourth section enacts that if the term of the Supreme Court next after the entry of the appeal shall commence within thirty days after the appeal has been obtained, the appeal is to be returnable to some day in such term of the Supreme Court as soon after the first day thereof as will admit of *twenty* days' notice being given to the appellee. Section 10, p. 841, McC.'s Dig.; Randall vs. Jacksonville S. R. Co., 19 Fla., 409. See Circuit Court Common Law Rule 101, and Chancery Rule 93, as to the form of the notice, which is a citation.

If it be that this provision of the fourth section making appeals returnable to a day in a term of the Supreme Court, subsequent to the first day thereof, is applicable as well to writs of error as to appeals, then the proceedings in error before us are faulty; but we do not understand any of the counsel to so contend, nor independent of this, have we been able after very careful consideration to come to the conclu-

sion that the provision does extend to these writs. The reason of the legislative power for not making it applicable to them is doubtless the same that led to the other well known and radical differences between appeals and such writs. The fourth section does not mention writs of error ; nor do the fifth and subsequent sections, which regulate such writs, apply the provision to them either by implication or otherwise, and we cannot do so.

Neither the act of 1828, nor that of 1832, expressly state when a writ of error shall be returnable. The ninth section of the latter act provides : that the clerk issuing the writ of error shall issue to the defendant in error a *scire facias* to hear errors, which shall be made returnable with the said writ of error, and shall be served, in one of the modes specified therein, *at least twenty-five days previous to the first day of the term* of the said Supreme Court. Section 2, p. 843 McC's. Dig. The corresponding section of the act of 1828 was similar, except it provided that no judgment should be rendered by the Court of Appeals, unless service of the *scire facias* had been made at least twenty-five days previous to the first day of the term.

The limitation prescribed by each of the above acts was that "all writs of error on judgments in civil actions shall be sued out and taken within two years from the date of said judgments," with a saving in favor of persons under certain disabilities. Section 10, p. 47, Ter. Laws of 1828, and Section 4, p. 844 McC's. Dig. The 49th section of the pleading and practice act of February 8th, 1861, relates to this subject, and as published in McClellan's Digest, on p. 844, is as follows : No judgment in any cause shall be reversed or avoided for any error or defect therein unless error be commenced, or brought and prosecuted with effect, within two years after such judgment signed or entered of record. Section 5, p. 844 McC's. Dig. There is a saving

as to persons under disabilities, in the original, which need not be discussed here. See Section 49, p. 33, Pamphlet Laws of 1860.

In Cripen vs. Livingston, 12 Fla., 638, the act of 1861 came under the consideration of this Court. The judgment of the Circuit Court had been rendered December 21st, 1866, at a term ending the next day. The writ of error issued from this court December 19th, 1868, but was not filed in the Circuit Court till January, 2d, 1869. The writ was dismissed, this court holding that a writ of error is not commenced, or brought and prosecuted within the meaning of the statute until it is filed in the court which renders the judgment.

The Federal judiciary act of 1789, section 22, provides that writs of error shall not be brought but within five years after rendering or passing the judgment or decree complained of; and in Brooks vs. Norris, 11 Howard, 204, it is said : The writ is not brought in the legal meaning of the term until it is filed in the court which rendered the judgment. It is the filing of the writ that removes the record from the inferior to the appellate court, and the period of limitation prescribed by the act of Congress must be calculated accordingly. The day on which the writ may have been issued by the clerk, or tested, are not material in deciding the question. Missina vs. Cavazos, 6 Wall., 355 ; Scarborough vs. Pargond 108, U. S. 567; Polleys vs. Black River Imp. Co., 113 U. S., 81 ; Cummings vs. Jones, 104 U. S., 419.

As we understand these decisions, the filing of the writ of error in the court where the judgment was rendered, within the statutory period, is a compliance with the statute as to bringing, or commencing or bringing and prosecuting the writ, and the service of a citation or *scire facias*

where one or the other is required, within the prescribed period for bringing the writ is not required.

It is true that for a long period writs of error issued from the Supreme Court of the United States were returnable only to the first day of the term following their issue. By an act of Congress of May 8th, 1792, (1 Stat., 278,) it was made the duty of the clerk of the Supreme Court to transmit to the clerks of the several Circuit Courts of the United States the form of a writ of error to be approved by two Justices of the former court, and the clerks of the Circuit Courts were by that act authorized to issue writs of error agreeably to such form as nearly as the case would admit. Immediately after this enactment, a form of a writ of error was adopted and transmitted to the clerks of the Circuit Court and that form made it returnable to the first day of the term of the Supreme Court next ensuing the issuing of the writ. Judge Taney, speaking for the Supreme Court in Insurance Co. vs. Mordecai, 21 How., 195, A. D. 1858, said : it was by virtue of the act mentioned, that the clerk of the Circuit Court could issue a writ of error to remove a case to the Supreme Court ; that the form adopted had never been changed, and that the court was not aware of any case in which a writ of error with a different return day had been sanctioned by the court ; and that one with a different return day would not remove the case.

The 22d section of the Judiciary act of 1789, provided by whom the citation should be signed, and that the adverse party should have at least thirty days' notice. Section 999 of the U. S. Revised Statutes contains provisions as to who shall sign the citation upon a writ of error, and that thirty days' notice shall be given to the adverse party. In National Bank vs. Bank of Commerce, 99 U. S., 609, (A. D. 1878,) it is said : " Section 999 of the Revised Statutes is but the re-enactment of a similar provision in section 22 of the

Judiciary Act of 1789 (1 Stat., 84,) and until the promulgation of the present rule at the December Term, 1867, (6 Wall., vi) all writs of error were made returnable on the first day of the next term, after their date, no matter how short the time between the day of the issue and that of the return. The citation followed the writ, and service was required before the return day. By a rule entered as early as the February Term, 1803, if the writ issued within thirty days before the meeting of the court, the defendant in error was at liberty to enter his appearance and proceed to trial, or otherwise the cause was continued, 1 Cranch, xviii. At the same term, in Lloyd vs. Alexander (id., 365,) the reason for the adoption of the rule is stated, and in Welch vs. Mandeville (5 id., 321,) the court decided that when the citation was not served thirty days before the term, the defendant in error would not be required to go to a·hearing without his consent. The meaning of the statute is not that the citation shall be served thirty days before the return-day, but that the defendant in error shall have at least thirty days' notice before he can be compelled to go to a hearing."

That writs of error issued to remove causes to the Supreme Court of the United States, and the citation accompanying them, were prior to the adoption of the rule of 1867, always made returnable to the first day of the next ensuing term ; the history of this practice, and that the citation, of which our *scire facias* takes the place, was not required to be served thirty days before the day to which it or the writ was returnable, are evident. According to the earlier authorities the citation had to be served at least prior to the day that it was returnable or the writ would fail, but by the latter decision, if issued, yet not served, another citation returnable during the term could be obtained and the writ of error preserved. Welch vs. Mandeville, 5 Cr., 321 ;

Bacon vs. Hart, 1 Black, 32 ; Dayton vs. Lash, 4 Otto, 112 ; Hewitt vs. Filbert, 116 U. S., 142.

There is a plain and radical difference between the United States practice regulations on the point before us and those of this State as set out above, in that in the latter there has been no adoption of a form of writ returnable to the first day of the term next after its issuance, as there was in the former (however near the term might be) up to the adoption of the rule of 1867 ; and there was no provision in the former as to the citation, like that in the latter as to *scire facias*, that it should be served at least twenty-five days before the first day of the term of the Supreme Court. It is evident that under the Federal practice prior to the rule of 1867 the writ would have been returnable in the case before us to the first day of the January term, it being the next term, but we do not think that such is the proper conclusion under our statute. The office of the *scire facias* is to bring the parties into the appellate court, and the purpose of the statute is that this writ shall be served on him at least twenty-five days before the first day of the term at which the case is to be tried. There is of course no provision, express or implied, that this term shall be within two years from the entry of the judgment sought to be reviewed, or that the writ of error or *scire facias* shall be returnable to a term falling within this limitation. It may be that the next term of this court will not, as the commencement of terms is now fixed, fall within seven or nearly seven months from the expiration of the two years' limitation for bringing writs of error, and in such a case there is in our minds no doubt but that if the writ is properly lodged within the two years that service of the *scire facias* can be made at any time subsequently, provided it be twenty-five days before the term next after the filing of the writ of error. Where the writ of error is brought within two

years the purpose of the statute is that the case shall be heard or tried, unless continued for good cause, in the appellate court, at the first or next term thereof, admitting of service of the *scire facias* twenty-five days before the first day. It was not intended that the *scire facias* should be made returnable to an earlier term or day; such a conclusion is not reasonable and involves the proposition that a writ shall upon its face be returnable to the first day of a term preceding that to which it is in fact to be returned, and before which the term for its service is limited by the statute. The reasonable and natural construction in the absence of express provision or established practice to the contrary, is that a writ shall be returnable to the term of which the law limits its service, and to which it contemplates an actual return by the officer serving it.

It is argued in effect, however, that this cannot control the writ of error, of which the *scire facias* is an appendage or incident. Admitting the superior rank, as well as consideration, to be given to the writ of error in this proceeding; still, in the absence from our statutes of anything showing a contrary intention, we are of the opinion that the time of the return of the *scire facias* is sufficient to show the legislative intention as to the return of the writ of error. It is not contemplated that a *scire facias* shall issue without the writ of error; the former accompanies or follows the latter, and they are returnable at the same time. Section 2, p. 843, McC's. Dig., *Supra.* If we hold that the writ of error is returnable to the next term regardless of the time intervening between its issuance and the commencement of the next term, we not only ignore the considerations, and the evidences of legislative intent mentioned above, but the result will be where the two year limitation will expire in twenty-five days or less, before a term of this court, that the writ must be brought in less than two

years, and thus by construction the limit allowed by law for bringing a writ of error will be reduced.

"An act regulating judicial proceedings," approved November 23d, 1828, enacted (section 7) that "all process, when not otherwise provided for by law, shall be returnable to the next ensuing term of the court from which it is issued," and (section 9) that "if any original process shall be sued out within ten days of an ensuing term of the court, the same shall be made returnable to the term next ensuing after the expiration of the ten days, and not otherwise." In view of the provisions of the act of the same year as to writs of error, *supra*, we do not think either of these provisions were intended to apply to such writs, for if so, when the writ of error was sued out in twenty-five days, but not within ten days of a term, it would have been returnable to one term and *scire facias* to another or subsequent one, and not with each other as provided by the ninth section of the writ of error act of 1828, *supra*.

II. The *scire facias* is directed to the Sheriff of the Supreme Court and " his lawfully authorized deputies."

It is objected under the third ground of the motion that it should be directed to and served on the adverse party. The form used is, saving the words quoted, one which has long been in use in this court, and it corresponds substantially with the form of such writ given in Robinson's Forms, Vol. 1, p. 38, as taken from Lilly's Entries. Authorities as to the *citation* required by the U. S. practice are not in point.

The presence of the quoted words is also urged as an objection to the *scire facias*. This is a mere error in form and not a ground for " vacating " or quashing the writ, but may be corrected by amendment. Weiskoph vs. Dibble, 18 Fla., 22. The return to the writ is in the name of the Sheriff, and fully in accord with the authorities cited by counsel

making the objection.　Joyce vs. Joyce, 5 Cal., 49; Jordan vs. Terry, 33 Texas, 680; Village of Glencoe vs. People, 78 Ill., 382.

The motion is denied.