(Decided 18th April, 1890.)

THE STATE OF MARYLAND *vs.* THE EASTON SOCIAL, LITERARY AND MUSICAL CLUB OF TALBOT COUNTY. SAME *vs.* THE FARMERS SOCIAL, LITERARY AND MUSICAL CLUB OF ST. MICHAEL'S, TALBOT COUNTY.

*Forfeiture of Charter of Corporation—Appeal or Writ of Error.*

A petition was filed by the State under section 255 of Article 23 of the Code, for the forfeiture of the charter of a corporation because of the abuse and misuse of its franchises and corporate powers. The defendant answered, and set up the defence that it was a Social Club, and incorporated under the general laws of Maryland relating to corporations, and.as such, was entitled to furnish liquor to its own members, at a price fixed by the regulations of the Club, notwithstanding the provisions of the Local Option law prevailing in its locality. To this defence the State

demurred, and the demurrer being overruled, brought the case to the Court of Appeals by petition in error, alleging as ground of error the overruling of the demurrer.  HELD:

That without a final judgment, no appeal or writ of error would lie from the mere overruling of a demurrer.

APPEALS as upon Writ of Error, from the Circuit Court for Talbot County.

The State of Maryland filed, through the State's attorney for Talbot County, a petition in each of these cases, for the forfeiture of the charter of the defendant corporation, because of the abuse, nonuse and misuse of its franchises and corporate powers.  The proceeding was taken under the provisions of section 255 of Article 23 of the Code of Public General Laws.  The answer in each case set up as a defence, that the defendant was a Social Club, and incorporated under the General Laws of Maryland relating to corporations, and as such, was entitled to furnish liquor to its own members, at a price fixed by the regulations of the club, notwithstanding the provisions of the Local Option law, prevailing in its locality.  The case is further stated in the opinion of this Court.

The causes were argued before ALVEY, C. J., MILLER, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*Wm. Pinkney Whyte, Attorney-General,* for the State.

*William E. Stewart, State's Attorney for Talbot County,* filed a brief for the State.

*Charles S. Carrington,* for the appellees.

ALVEY, C. J., delivered the opinion of the Court.

As we understood at the argument, this and the succeeding case of the State against "The Farmers Social,

Literary and Musical Club, of St. Michael's," both of Talbot County, were brought to this Court for the purpose of having definitely settled the question of the right of such clubs to furnish liquor to their own members, at a price fixed by the regulations of the club, notwithstanding the provision of the local law, which declares that no person shall sell spirituous or fermented liquors in the particular localities, under a prescribed penalty. And such being the object of bringing these cases into this Court, it is greatly to be regretted that neither of the records presents the question in such manner as will justify this Court in taking cognizance of it.

In the first place, it does not appear that there has been any final judgment or determination, in either of the cases, of the subject-matter of the petition filed by the State. Certain issues of fact were formed, which do not appear to have been tried; and a demurrer was entered by the State to one of the paragraphs of the answer in both cases, which demurrer was simply overruled, and nothing more appears to have been done. The cases are still pending, undisposed of, in the Court below. If the definitive judgment of the Court was against the State on the matter of the petition, it should have been that the petition be dismissed, as directed by section 260 of Art. 23 of the Code. And without such final judgment, no appeal or writ of error will lie from the mere overruling of a demurrer. *Boteler vs. State,* 7 *G. & J.,* 78; *Wheeler vs. State,* 7 *Gill,* 34; *Stevens vs. State,* 66 *Md.,* 202.

But the cases have been brought here by petition in error, alleging as ground of error the overruling of the demurrer, instead of an appeal from the final judgment, as authorized by the statute. The proceeding is of special statutory regulation, and the mode of proceeding must be strictly adhered to; and the statute provides, as the only mode of bringing such cases into this Court,

that an appeal may be taken by either party, subject to such regulations as may be prescribed by this Court. Code, Art. 23, sec. 262. The regulations prescribed by the Court of Appeals will be found in the Code, Art. 5, sec. 66. It follows that the petition in error in both cases must be dismissed.

*Petitions in error dismissed.*

