KNIGHT & KNIGHT, PLAINTIFFS IN ERROR, VS. JAMES X. TOWLES, DEFENDANT IN ERROR.

1. The necessity to a suit in error of lodging the writ of error in the court rendering the judgment which it is sought to have reviewed, is not supplied by an order of that court allowing such writ and directing that it shall operate as a supersedeas to the judgment, and a compliance with the provisions of the order as to the supersedeas bond.

2. If it be that a writ of error can ever be issued and served *nunc pro tunc*, after the lapse of the time allowed by law for bringing suits in error, the default must be attributable solely to official delinquency in the premises.

Writ of Error to the Circuit Court for Taylor county.

Motion to vacate Supersedeas, and for issue and service of Writ of Error *nunc pro tunc.*

The facts of the case are stated in the opinion of the court.

*J. W. Stripling and W. B. Lamar*, for Plaintiffs in Error.

*Blackwell & Rees*, for Defendant in Error.

RANEY, C. J.:

Towles moves to vacate the supersedeas granted by the Circuit Judge. No writ of error has been lodged in the clerk's office of the court rendering the judgment, nor has any such writ ever been issued. The period allowed for bringing error, six months from the date of the judgment, had expired when this motion was made, the judgment having been rendered April 5th, 1893. The order of the Circuit Judge allowing a

writ of error, and directing that it should operate as a supersedeas and his approval of the supersedeas bond, do not supply the necessity, which a writ of error and its service by lodging it with the court rendering the judgment within *at least* the time allowed for taking writs of error, are to the appellate court's jurisdiction of the cause. There being no writ of error either before or after the supersedeas proceedings, there is no supersedeas to the judgment of the lower court. State vs. Mitchell, 29 Fla., 302, 10 South. Rep., 746; Crippen vs. Livingston, 12 Fla., 638. Having, for the reasons stated, no jurisdiction, we must deny the motion, and it will be ordered accordingly.

RANEY, C. J. :

On the 13th instant (November, 1893), Knight & Knight entered a motion as follows: Come now the plaintiffs and suggest to the court that on the 7th of April, A. D. 1893, this cause was tried in the court below and a judgment against them; that on the day last aforesaid the plaintiffs duly applied to the clerk of said court for a writ of error, all of which duly appears by the record of the proceedings on file in this court, and moves the court to vacate the judgment rendered herein on the 6th instant upon the facts orally stated to the court, and admitted by defendant, and to order the issuance of said writ of error now, as of the 7th day of April, A. D. 1893, and that the same be filed in the office of the clerk of the Circuit Court of Taylor county, as of said 7th day of April 1893.

When we filed the opinion on the 6th instant we were perfectly conversant with "the record of the proceedings on file in this court," (the same having been filed October, 14th, 1893), in so far as it bears upon the

question then and now before us, and all it shows as to applying for a writ is set forth in the former opinion, and of the insufficiency of the same to supply the omission to obtain and lodge a writ with the court rendering the judgment, we are entirely satisfied. It, in view of our decisions cited in that opinion, is no new question of practice here. If it be that a writ of error can be issued and served *nunc pro tunc*, and the appellate jurisdiction of this court saved, where the omission to issue and serve it within the time limited by law for so doing is attributable solely to the default of the clerk, still no such case is shown here. The decision in Jackson vs. Haisley, 27 Fla., 205, 9 South. Rep., 648, and the authorities cited by counsel for movants, fall short of their case. They are: Austin vs. Scovill, 34 La. Ann., 484; Chaffe vs. McIntosh, 36 La. Ann., 824; Hudgins vs. Kemp, 18 How., 530; Elliott App. Pro., Section 117; Wilkes vs. Perks, 5 Manning & Granger (44 E. C. L.), 376; Nazer vs. Wade, 1 Best & Smith, (101 E. C. L.), 728; McIlhaney vs. Holland, 111 Penn. St., 634; Underwood vs. Underwood, 12 Fla., 432; Smith vs. Curtis, 19 Fla., 786; Booten vs. Bank, 67 Ga., 358. The Revised Statutes have made no changes as to writs of error, that render the cases cited in the former opinion at all inapplicable.

It seems there was an argreement between counsel which, had it been properly brought to our attention, would have caused us to defer for at least a week the decision made on the sixth instant; still, whoever may have been in fault as between the parties to that agreement, and though we make no point on it here as influencing our action, the court must not be expected to open its decision duly made where neither party has

taken any step to inform the court in due time of such agreement.

The motion is denied.