F't Na. B'k Orlando and Stockton, Receiv., v. King—Syllabus.

·exhibition of *diligence* in the discovery of the evidence proposed. For these reasons the court did not err in refusing the application.

The judgment of conviction below is affirmed.

·FIRST NATIONAL BANK OF ORLANDO AND JNO. N. C. STOCKTON, RECEIVER, PLAINTIFFS IN ERROR, VS. ZIBA KING, DEFENDANT IN ERROR.

APPELLATE PRACTICE—WRIT OF ERROR, LIMITATION OF TIME IN WHICH TO TAKE RUNS AGAINST THE WRIT, NOT AGAINST THE SCIRE FACIAS TO HEAR ERRORS—THE TWO WRITS NEED NOT BE ISSUED AT SAME TIME, NOR BY SAME OFFICER.

1. No formal *demand* for a writ of error is prescribed by law, and when such a writ is properly issued and served, and brings a cause to this court for appellate review, the presumption comes with it that some sort of *effective demand* had been made for its issuance, and this court can have no such concern in the *formality* of that demand as that the absence of any tangible evidence of its having been made, could furnish a ground of dismissal of such cause from this court.

2. Writs of error and the writ of *scire facias ad audiendum errores* are both writs of this court to be tested in the name of its chief-justice, and, for the ministerial duty of *issuing* such writs, this court, under our statute, has two clerks, the clerk proper of this court, and the clerks of the Circuit Courts, the one as fully authorized by law to issue either or both of such writs from and for this court, as is the other. The clerk of the Circuit Court can issue the writ of error in a cause, and then the clerk proper of this court can issue the *scire facias* to hear errors in the same cause, making it returnable to the same day with the writ of error.

·3. Where the *writ of error* is issued and *lodged with the clerk of the inferior court,* whose judgment is to be reviewed within the six months limited for the bringing of such writs. and is made *returnable* to the proper time, it is not necessary that the *scire facias* to hear errors shall be either *issued* or *served* within

such limited six months, but may be effectually and properly issued and served after such limited six months have expired, provided it is made *returnable* at the *same time with the writ of error*, and is *served twenty-five days before its return day*.

4. The *scire facias* to hear errors should be returned to and filed with the clerk of this court at least by its return day, as evidence here of its proper issuance and service, but where it is in fact so returned and filed subsequently to its return day, but before any motion to dismiss the case because of its absence, and shows upon its face and by the officer's return thereon, that it was properly and seasonably issued and served, the failure to file it here on or before its return day, in such a case furnishes no ground for dismissal of the writ of error.

Writ of Error to the Circuit Court for DeSoto county.

The facts in the case are stated in the opinion of the court.

Motion to dismiss cause.

*Sparkman & Sparkman*, for the motion.

*Beggs & Palmer*, contra.

TAYLOR, J.:

We are asked by motion to dismiss this cause upon the following grounds: 1st. Because no petition for a writ of error was ever filed in the clerk's office of the lower court from whence the writ in said cause issued. 2d. Because the clerk who issued the writ of error in said cause did not issue to the defendant in error the *scire facias* to hear errors. 3d. Because said *scire facias* to hear errors was not issued within six months from the date of the rendition of the judgment in said cause. 4th. Because said *scire facias* to hear errors was not filed in this court until the 22d day of Janu-

JUNE TERM, 1895. 27

F't Na. B'k Orlando and Stockton, Receiv., v. King—Opinion of Court.

ary, A. D. 1895. 5th. Because John N. C. Stockton, as receiver of the First National Bank of Orlando, was not made a party to this suit, although he was a party to the suit in the lower court at the time of the rendition of the judgment therein. 6th. Because although the writ of error was issued in said cause on July 27th, 1894. and was served August 27th, 1894, the scire facias to hear errors was not issued until the 8th day of November, A. D. 1894.

There is no merit in the first and second grounds of this motion. Section 1270 of the Revised Statutes provides that writs of error shall issue *on demand* as matter of right. In what particular form this *demand* shall be, and whether it is to be written or oral, is nowhere provided for. The usual practice, we believe, is to file with the clerk a. written demand therefor in the form of a præcipe requesting its issuance, but however this may be, when such a writ is properly issued and served and brings a cause to this court for appellate review, the presumption comes with it that some sort of *effective demand* had been made for its issuance, and this court can have no such concern in the formality of that demand as that the absence of any tangible evidence of its having been made could furnish a ground of dismissal of the cause from this court. Although section 1273 of the Revised Statutes provides that the clerk or judge issuing the writ of error shall issue to the defendant in error a *scire facias* to hear errors, yet we do not think that it is imperative that the two writs shall be issued by the same individ-ual officials. Both writs are process of this court, and are required to be tested in the name of the Chief-Justice of this court, and whichever clerk issues either of them—the clerk, proper, of this court, or the clerk of the Circuit Court—he acts, in issuing it, as the min-

isterial officer of this court. The statute authorizes both writs to be issued by the clerk of this court or by the clerks of the Circuit Courts, and when the clerk of a Circuit Court issues either of them he acts in the matter of its issuance, for all pratical purposes, as the clerk of this court; and, for the ministerial duty of issuing such writs, this court, under our statute, has two clerks—the clerk, proper, of this court, and the clerks of the Circuit Courts—the one as fully authorized by law to issue such writs from and for this court as is the other, and we can not see that it can possibly make any material difference as to which of them issues them, or whether the one clerk issues one of the writs, and the other clerk the other, so long as both of the writs are properly tested and returnable together. Our judgment is, that the clerk of the Circuit Court can issue the writ of error in a cause, and that the clerk of this court can then properly issue the *scire facias* to hear errors, making it returnable to the same day with the writ of error, as was done in this case.

The third, fourth and sixth grounds of the motion are all germane to and raise, practically, the same question. The judgment from which the writ of error was taken was rendered on the 14th day of March, 1894; the *writ of error* was issued by and filed in the office of the clerk of the Circuit Court where the judgment was rendered on the 27th day of July, 1894, returnable to the first day of the January term, 1895, of this court; the *scire facias* to hear errors was not issued until November the 8th, 1894, when it was issued by the clerk of this court, but was made returnable, with the writ of error, to the first day of the January term, 1895, of this court, and was served on the 14th day of December, 1894, just twenty-five days

before the return day thereof. It is now contended for the movants that because the *scire facias* to hear errors was not *issued and served* on the defendant in error until after the lapse of six months from the rendition of the judgment, that the entire proceeding is barred. We can not agree with this contention. The limitation prescribed by our statute (sec. 1271 Rev. Stats.) is aimed, by its express language, at the *writ of error*, the words used being: "All writs of error on judgments in civil actions shall be sued out and taken within six months from the date of said judgment." When sued out and taken *within* this prescribed limit of time it can be made, and is frequently made, *returnable* to a day considerably subsequent to the expiration of the six months after the rendition of the judgment. Section 1273 of the Revised Statutes providing for the issuance, service and return of the *scire facias* to hear errors, does not *prescribe* or *limit* the *time* when such writ shall *issue* or be *served*, but does provide that it shall be *returnable with the writ of error*, and that it shall be served at least twenty-five days *before its return day*. The different provisions of the statute are in perfect harmony, and form a consistent check the one upon the other when viewed from the standpoint of the *time* limited for taking writs of error. First the *writ of error*, designed to carry the *subject-matter* of the cause from the trial to the appellate court, must be "*issued* and *taken*" within six months from the rendition of the judgment to be reviewed, and it must be made *returnable* to the first day of the next succeeding term of the appellate court, unless such first day shall be less than thirty days from the date of the writ, when it must be made returnable to a day in such next succeeding term more than thirty and not more than fifty days from the date

of the writ.  Thus we have the time of *issuance* and the *return day* of the *writ of error* definitely fixed and amply guarded against unreasonable delays or procrastination.  While the exact time of the *issuance* or *service* of the *scire facias* to hear errors, designed to notify the defendant in error of the pendency of the cause in the appellate court, is not fixed or limited *by* or *with reference to the date of the judgment*, yet it is limited and hedged about by the terms of the *writ of error*, since [it must *issue* a sufficiently long time *before* the return day of the *writ of error* as to enable it to be made *returnable* to the *same day* with the writ of error, and to enable it to be *served* upon the defendant in error twenty-five days *before* its return day.

This court, in Crippen vs. Livingston, 12 Fla. 638, following the Supreme Court of the United States, in Brooks vs. Norris, 11 How. 204, held that, the *filing* of the *writ of error* with the clerk of the court whose judgment is to be reviewed removes the record from the inferior to the appellate court, and that the period of limitation within which such writs could be taken or brought must be calculated according to such *filing* of the *writ of error* with the clerk of the inferior court.  And this court, in Sammis vs. Wightman, 25 Fla. 547, 6 South. Rep. 173, still following the two last cases cited, has held further that, the filing of the writ of error in the court where the judgment was rendered, within the statutory period, is a compliance with the statute as to *bringing* or *commencing* the writ, and that the service of the *scire facias* to hear errors, within the prescribed period for bringing the writ, is not required.  Our conclusion is, that where the *writ of error* is issued and *lodged with the clerk* of the inferior court whose judgment is to be reviewed

within the six months limited for the bringing of such writs, and is made *returnable* to the proper time, that it is not necessary that the *scire facias* to hear errors shall be either *issued* or *served* within such limited six months, but may be effectually and properly issued and served after such limited six months have expired, provided it is made *returnable* at the *same time with the writ of error*, and is served twenty-five days before its return day. Moore vs. Spier, 80 Ala. 129; Kimbrell vs. Rogers, 90 Ala. 339, 7 South. Rep. 241. The *scire facias* to hear errors should be returned to and filed with the clerk of this court at least by its return day, as evidence here that it has been properly issued and served, but where it is in fact returned to and filed in this court subsequently to the return day thereof, but before any motion to dismiss the cause because of its absence, and it shows upon its face that it was properly issued and served, the failure to file it in this court on or before its return day in such a case furnishes no ground for dismissal of the writ of error.

The fifth ground of the motion is without fact to sustain it. John N. C. Stockton is included as a party plaintiff in error both in the writ of error and in the *scire facias* to hear errors.

The motion to dismiss is denied.