LEONARD TAYLOR, APPELLANT, VS. TOWN OF KIS-SIMMEE CITY, APPELLEE.

Since the Revised Statutes became operative (June 13, 1892) a review in the Appellate Court of all proceedings of a lower court in cases at law is by writ of error, except in certain enumerated cases ; and an attempted appeal entered in an ordinary action at law since the date mentioned will be dismissed.

Appeal from the Circuit Court for Osceola county.

The facts in the case are stated in the opinion of the court.

*W. L. Peeler*, for Appellants.

No Appearance for Appellee.

MABRY, C. J.:

In March, 1892, Leonard Taylor commenced an action at law in trespass for damages against the town of Kissimmee City, a municipal corporation under the laws of this State, and filed his declaration on the

rule day in April, 1892. After demurrer sustained to the declaration, an amended one was filed on the first of August, 1892, to which a demurrer was likewise sustained, and plaintiff declining to further amend, the suit was dismissed at his cost.

On the day on which the last demurrer was sustained and the suit dismissed (September 23d, 1892) the following paper appears to have been filed in the cause, *viz.:* "And now, at chambers of the court aforesaid, comes the plaintiff by his attorneys, Bailey & Peeler, and applies for and enters his appeal from the judgment herein rendered against him to the Supreme Court of the State of Florida, to be held at Tallahassee on the —— day of January, A. D. 1892, (1893).

"Sept. 23, '92.                BAILEY & PEELER."

The error assigned is that the court improperly sustained the demurrer to the amended declaration. The case is submitted on brief by counsel for Leonard Taylor, but no brief is filed in behalf of the town, though its counsel joined issue on the assignment of error. The judgment here sought to be reviewed was rendered in September, 1892, after the Revised Statutes went into effect, and by section 1262 it is provided that "all proceedings to procure review by an appellate court of the proceedings of a lower court in cases at law shall be by writ of error, except in cases where *certiorari* or prohibition shall lie, or where it shall be otherwise expressly provided." The present case comes within no exception to the general provision, and as no writ of error has been sued out on the judgment, the case will have to be dismissed for want of jurisdiction over the subject-matter. State

vs. Mitchell, 29 Fla. 302, 10 South. Bep. 746; Knight vs. Towles, 32 Fla. 473, 14 South. Rep. 91.

An order dismissing the suit will be entered.