THOMAS P. WESTON, APPELLANT, VS. W. H. BONNEY, ET AL., APPELLEES.

1. Citation on an appeal in chancery to the Supreme Court must be served on all appellees resident in this State as other writs are served: that is, by reading the original to the person to be served, or by delivering to him a copy thereof, or by leaving a copy at his usual place of abode with some person of the family above fifteen years of age, and informing such persons of the contents thereof.

2. If appellee be a non-resident of the State, or be not in the State, service of the citation may be made upon his attorney in the court below, or upon his legally authorized agent, or by publishing the citation in a newspaper published in the county where the appellate court will hear the case, once each week for four successive weeks.

3. In appeals in chancery where there are several appellees, with good service as to some of them, but none as to the others, a new citation may issue, within six months from the rendi

tion of the decree appealed from, as to appellees not served, returnable to the first day of the next succeeding term of this court.

Appeal from the Circuit Court for Bradford county.

The facts in the case are stated in the opinion of the court.

Motion to dismiss appeal.

*Fletcher & Wurts*, for motion.

*Charles L. Fildes* and *Frank W. Pope, Contra.*

MABRY, C. J.:

A motion is made in this case to dismiss an appeal. Appellant filed a bill in chancery to quiet title to real estate against seven resident and seven non-resident defendants, and three of the resident and three of the non-resident defendants appeared and demurred to the bill. An order of publication for non-resident defendants appears in the record. The demurrer was sustained on the 21st day of August, 1895, and the bill dismissed, and the appellant appealed to the present term of this court. The citation issued on the appeal is in due form and returnable with the appeal, but is not served upon any of the defendants below in person. It is conceded by counsel for the movants that the citation was served upon the attorneys in the lower court of the demurrants on the 14th day of December, 1895, which was more than twenty-five days before the first day of the present term. It then appears that service of the citation was had on the attorneys in the court below of three

non-resident appellees who joined in the demurrer upon which the bill was dismissed, and as to all the other appellees, whether joining in the demurrer or not, there has been no proper service.

All resident defendants in error must be served in the same manner as other writs are served on them, and it is only in cases where they are non-residents of the State, or are not in the State, that service can be made upon their attorneys in the lower court. The theory upon which the motion to dismiss is based is, that it is necessary that all parties defendant should be cited, before the court has jurisdiction of the case, and that as some of the defendants were not cited at all, and some resident in the State were attempted to be reached by service on their attorney in the trial court, the case should be dismissed.

In Christopher vs. Newnham, 34 Fla. 370, 16 South. Rep. 274, the case relied upon by the movants, it was said that "the settled rule of construction adopted by this court is, that a *scire facias* to hear errors, returnable with the writ of error, is essential to the validity of such writ, and where such *scire facias* has been issued, but not properly served upon the defendant in error, or none of them where there is more than one, the writ of error will be dismissed." An examination of the cases decided here prior to Christopher vs. Newnham will show the view of this court to be that it was essential to the writ of error that a *scire facias*, returnable with it, be issued and served upon the defendant in error in the time required, or one of them when there were more than one. Tischler vs. Wall, 20 Fla. 924; Knight vs. Weiskopf, 21 Fla. 157; Guarantee Trust & Safe Deposit Co. vs. Buddington, Wilson & Co., 23 Fla. 514, 2 South. Rep. 885; Williams

vs. Hutchinson, 26 Fla. 513, 7 South. Rep. 852; Sammis vs. Wightman, 25 Fla. 547, 6 South Rep. 173. The practice of this court in reference to the issuance, return and service of *scire facias* was based upon the former practice of. the Supreme Court of the United States before there was any modification of it in that court. The case of Dayton vs. Lash, 4 Otto, 112, coming after the modification, has not been followed in this court. In cases of appeal in chancery, and there are several appellees on part of them, it was early decided in this court (Megin vs. Filor, 4 Fla. 203) that the case would be continued here until the next term, to permit service to be made on non-resident defendants. The same rule was recognized in Whitlock vs. Willard, 18 Fla. 156; and in Guarantee Trust & Safe Deposit Co. vs. Buddington, Wilson & Co., *supra*, a new citation was allowed to residents, returnable to the first day of the next term of the court.

Counsel for appellant now ask that citation be issued to the defendants not served, returnable to the next term of this court. We see no difficulty in permitting this to be done, as the appeal properly entered brought the case here, and the service properly had on some of the non-resident defendants gives jurisdiction as to them. It is not the case where no citation has issued, or none served on any of the defendants; and the return day of the new citation extending beyond the limit of six months from the decree appealed from, is immaterial. Sammis vs. Wightman, supra; First National Bank of Orlando vs. King, 36 Fla. 25, 18 South. Rep. 1. Six months from the entry of the decree dismissing the bill has not yet expired.

The motion to dismiss is denied, with permission to appellant to perfect service on the defendants not served.   Judgment to be so entered.