D. H. PLAYER, PLAINTIFF IN ERROR, VS. JAC. BOKENFOHR, DEFENDANT IN ERROR.

Appellate practice—Writ of Error necessary to give appellate court jurisdiction and cannot be waived. Where there is no. Writ of Error case will be stricken from dockets.

1.  Under the provision of Section 1262, Revised Statutes, an appellate court cannot recognize any case *at law* brouht to it for review, wherein Writ of Error lies, unless it is carried to it by a *Writ of Error* properly issued and lodged with the clerk of the lower court whose judgment is to be reviewed. The issuance and proper lodgment of such writ is *jurisdictional* and necessary to give to the appellate court authority to hear and determine any case within the purview of such a writ.

2.   Where a transcript of record in a case at law, or that purporting to be such, is filed in an appellate court with assignment of error alleged to have been committed by a trial court, the appellate court can make no other order in such cause than one striking it from its docket, when no Writ of Error has ever issued to bring up such cause for review, and this even where the opposing parties have submitted such cause on briefs without taking any notice of the non-issuance of the Writ of Error.

Writ of Error to the Circuit Court for Jackson county.

The facts in the case are stated in the opinion of the Court.

*Francis B. Carter* for Plaintiff in Error.

*Benj. S. Liddon* for Defendant in Error.

(Judge Malone, of the Second Judicial Circuit, sat in the place of Mr. Justice Carter, who was disqualified.)

TAYLOR, C. J.:.

A transcript of record in this cause was filed here in June, 1894, from the Circuit Court of Jackson county, showing proceedings and a judgment at law there had. Along with such record is an agreement of the counsel representing the opposing parties waiving the issuance and service of citation, and agreeing to appear at the June term, 1894, of this court without such citation, and that both sides should have four months from the docketing of the cause in which to file their briefs.    Briefs for both parties have been filed, together with assignments of error.    After having thorough search made both here and in the of-

fice of the clerk of the Circuit Court, no evidence can be found that any *writ of error* has ever issued to the Circuit Court in said cause, either by the clerk of this court, or by the clerk of the Circuit Court acting for this court, nor has any writ of error ever been lodged or filed with the clerk of the Circuit Court in the case or returned here. Under these circumstances this court is without jurisdiction to hear or determine the case, or to make any other order therein than one dismissing it from our docket.

Section 1262 Revised Statutes provides that "all proceedings to procure review by an appellate court of the proceedings of a lower court in cases at law shall be by writ of error, except in cases where *certiorari* or prohibition shall lie, or where it shall be otherwise expressly provided." This statute is mandatory, and so long as it remains in force this court sitting as an appellate tribunal can not recognize any case *at law* brought to it for appellate review unless it comes here by a writ of error properly issued and lodged with the clerk of the lower court whose judgment is to be reviewed. The universal doctrine of all of the American courts, including the Federal courts, with the one exception of the State of Illinois, is that the issuance and proper lodgment of a writ of error is *jurisdictional* and necessary to give to the appellate court authority to hear and determine any case within the purview of such a writ; that the issuance and lodgment of such writ is not merely a matter of form, but one of substance, and can not be waived or dispensed with by the consent or agreement of the parties. Ballance v. Forsyth, 21 How. (U. S.) 389; Washington County v. Durant, 7 Wall. 694; Ex Parte Ralston, 119 U. S. 613, 7 Sup. Ct. Rep. 317; Hodge v. Williams, 22 How. (U. S.) 87; Stevens v.

Clark *et al.*, 10 C. C. A. 379, 62 Fed. Rep. 321; Rolke v. State, 12 Wis. 570; State v. Kanooster, 12 Mo. App. 589; Molandin v. Colorado Cent. R. R. Co., 3 Col. 173; State v. Easton Social, Literary & Musical Club, 72 Md. 297, 20 Atl. Rep. 242; Rabon v. State, 7 Fla. 9; State v. Mitchell, 29 Fla. 302, 10 South Rep. 746; Sammis v. Wightman, 25 Fla. 547, 6 South Rep. 173; Knight v. Towles, 32 Fla. 473, 14 South. Rep. 91; Crippen v. Livingston, 12 Fla. 638; 7 Ency. Pl. & Pr., p. 822 and citations. Were the rule announced not adhered to an appellate court constituted like ours could readily be imposed upon by the submission of moot questions.

The cause is stricken from the dockets of this court.