PEARSON, Judge
(dissenting).
While it is true that in Placid York Co., Inc. v. Calvert Hotel Company, cited in the majority opinion, this court recognized the binding effect of section 83.27, Fla.Stat., F.S.A., in landlord and tenant appeals, yet the holding that such appeals are dependent Upon the personal appearance of the appellant before the trial judge does not necessarily follow. To apply this provision to prohibit an appeal by a party who is not physically present in the jurisdiction, since this is the practical effect of the interpretation given, is of doubtful constitutionality. The purpose for the provision upon its passage in 1881[1] could have been only to insure good faith in the appellant. The section as originally enacted provided for a trial de novo in the circuit court.[2] The requirement of physical presence cannot aid in the accomplishment of this purpose and can only deprive absent parties of the right of appeal.
In 1881 the constitution of the State of Florida did not give an appeal, as a matter of right.[3] It was amended in 1957, to make appeals a matter of right.[4] Cf. First Nat. Bank of Orlando v. King, 36 Fla. 25, 18 So. 1. It is my view that to require every appellant under section 83.27(1), Fla. Stat, F.S.A., to be personally present before the trial court is an unreasonable abridgment of the right granted by the constitution. In addition it seems to me to contravene the sense of Rule 1.5(a), Florida Rules of Civil Procedure, 30 F.S.A., and Rule 2.3(d), Florida Appellate Rules, 31 F.S.A.

. Chapter 3248, § 7, Laws of Florida.

. See footnote 1, supra.

. Art. 6, § 5, Fla.Const. (1868), 3 Fla.Stat. p. 182 (1941), McClellan’s Digest, p. 32, 25 F.S.A. p. 421; amended in 1875, 3 Fla.Stat. p. 192 (1941), McClellan’s Digest, p. 64, 25 F.S.A. p. 444. See also Chapter 2041, Art. 9, Laws of Florida (1875).

.Art. 5, § 5(3), Fla.Const., 26 F.S.A. “Jurisdiction. Appeals from trial courts in each appellate district, and from final orders or decrees of county judge’s courts pertaining to probate matters or to estates and interests of minors and incompetents, may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court.”